UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**BRICE JAMAR RHODES**                                                                 **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 3:23-CV-P232-JHM**

**LMDC JAIL** *et al.*                                                                 **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Brice Jamar Rhodes, an inmate currently incarcerated in the Louisville Metro Department of Corrections (LMDC), filed the instant *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition (DN 1) is now before the Court for preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] For the reasons that follow, the Court will summarily dismiss the instant action.

### I.

In the petition, Petitioner states that he is challenging his state pretrial detention. Where the form asks the filer to state the court and case number of the decision he is challenging, he identifies Jefferson County Circuit Court case number 16-CR-1891. Where the form asks for the decision being challenged, he states "Motion to dismiss all charges on case no. 16CR1891 was denied on April 21 2023, so I request to challenge the state court decision." Where the form asks if Petitioner has appealed the decision being challenged, Petitioner responds, "No." As grounds in support of the petition, Petitioner states, "On June 3 2016 my constitutional rights were violated, due to under oath a detective named Ryan Griffin [Louisville Metro Police Department

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Rules to § 2241 cases.

(LMPD)] homicide detective committed perjury 1st degree acted as if he was on case no. 16CR1891 and gave testimony. He also added fake audio recordings into discovery that were false." He states that Griffin, LMPD, and the prosecutor "have used this false evidence and testimony against me, which violates due process, abuse of process, obstruction of a official proceeding." He also states as grounds, "Conspiracy to defraud an investigation" and asserts that the judge, prosecutor, and LMPD officers "know of the fraud and dishonesty and still continued with the case even after I brought up the issue . . . ." He also states, "I have been held in LMDC Jail for seven years no trial date due to those false charges. Since May 24, 2016."

As relief, Petitioner requests to "dismiss all charges on case no. 16CR1891 due to official police misconduct, perjury 1st and 2nd degree, abuse of process and due process" in Jefferson County Circuit Court

**II.**

Although 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention.

*Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2nd Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 U.S. App. LEXIS 29970, at *3 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 U.S. Dist. LEXIS 62306, at *4 (E.D. Mich. July 20, 2009).

Because Petitioner is requesting the Court's review of a decision in his pending state court criminal case, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional challenges during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, such as a petition for writ of mandamus in the appellate court asking that court to compel the trial court to act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court case without Petitioner first exhausting.

For these reasons, the petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 3, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Petitioner, *pro se*
4414.010